# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN O. SPENCER,

          Plaintiff,

v.

JOHN KIND, JAY VAN LANEN, SGT. WALTON, SGT. KOELLER, and GREEN BAY CORRECTIONAL INSTITUTION,

          Defendants.

Case No. 20-CV-668-JPS

**ORDER**

      Plaintiff Kevin O. Spencer, an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion to appoint counsel, as well as screens his complaint.

### 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 1, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $0.48. (Docket #5). Plaintiff paid that fee on May 18, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on November 27, 2019, Defendants John Kind ("Kind") and Jay Van Lanen ("Van Lanen") violated his Fourteenth Amendment Due Process rights when they held Plaintiff in disciplinary segregation for two days past his "max release date." (Docket #1 at 3). Plaintiff filed exhibits containing the inmate complaint reports regarding three of his allegations. (Docket #1–1). Plaintiff was given sixty days disciplinary separation on September 26, 2019 and his maximum release date was November 25, 2019. (*Id.* at 1). Plaintiff was not released from disciplinary separation or moved to the general population until two days later, on November 27, 2019. (*Id.*)

Additionally, Plaintiff alleges that Defendant Sgt. Walton ("Walton") violated his Fourteenth Amendment Due Process rights when Walton disposed of Plaintiff's shower shoes and told Plaintiff that no shower shoes were in his personal property. (*Id.* at 4). Plaintiff had to go without shower shoes for thirty-three days before he bought new ones. (*Id.*) Plaintiff believes that Walton threw away his shower shoes and lied about the shoes not being in his personal property. (*Id.*)

Plaintiff also alleges that Defendant Sgt. Koeller ("Koeller") violated his Fourteenth Amendment Due Process rights when he allowed his workers to refuse Plaintiff an approved haircut. (*Id.* at 5). According to the inmate complaint report, when Plaintiff complained that he was not being given a haircut on February 15, 2019, Koeller double checked the list of people approved for a haircut and Plaintiff was not on the list. (Docket #1–1 at 3). There was no documented request from Plaintiff to receive a haircut on that date, and Plaintiff refused to send a copy of his request. (*Id.*)

Plaintiff further alleges that Koeller violated HIPPA laws and the Eighth Amendment when Plaintiff was not given his prescribed medical Ensure drinks at the assigned time and made him wait to receive them. (*Id.*) Plaintiff was always given his Ensure drink, but sometimes the officers would forget to bring it when they provided other inmates their medication, and would bring it to Plaintiff after medication distribution was completed. (Docket #1–1 at 2). Finally, no allegations were made against Defendant Green Bay Correctional Institution.

### 2.3 Analysis

Plaintiff has provided exhibits with inmate complaint reports in support of his allegations. (Docket #1–1). Even viewing the reports in a light most favorable to Plaintiff, the reports undermine Plaintiff's claims and, more importantly, demonstrate that Plaintiff's constitutional rights were not violated. *See American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 724 ("A plaintiff who files a long and detailed complaint may plead himself out of court by including factual allegations which if true show that his legal rights were not invaded."); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (holding that plaintiff "has simply pled himself out of court by saying too much"); *Jackson v. Marion Cty.*, 66 F.3d 151, 153 (7th Cir. 1995) ("[A]

plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."); *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992) ("We are not required to ignore facts alleged in the complaint that undermine plaintiff's claim.").

Additionally, Plaintiff cannot proceed against Defendant Green Bay Correctional Institution ("GBCI") because he has failed to allege any claims against it. "Individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.* 327 F.3d 588, 594 (7th Cir. 2003)). Thus, Plaintiff has failed to state a claim against GBCI.

### 2.3.1 Fourteenth Amendment Due Process

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Without a loss of a protected liberty or property interest, the court will not go on to evaluate the process due. *Id.* In this case, Plaintiff alleges that his due process rights were violated three different times—none successfully state a claim.

First, Plaintiff claims his due process rights were violated when he was detained in disciplinary segregation for two days past his release date. However, Plaintiff does not have a constitutionally protected liberty interest in being released from disciplinary segregation on time, especially for only two days beyond his release date. In *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995), the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life." *See also, Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). After *Sandin*, in the prison context, protected liberty interests are essentially limited to the loss of good time credits because the loss of such credit affects the duration of an inmate's sentence, *see Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997) (when sanction is confinement in disciplinary segregation for a period not exceeding the remaining term of prisoner's incarceration, *Sandin* does not allow suit complaining about deprivation of liberty), and to long-term confinement in extraordinarily restrictive environments such as super maximum prisons, *see Wilkinson v. Austin*, 545 U.S. 209, 227 (2005). Discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. *Sandin*, 515 U.S. at 485; *see also Thomas v. Ramos*, 130 F.3d 754, 760–62 (7th Cir.1997) (prison inmate's 70-day confinement in disciplinary segregation was not "atypical and significant" deprivation of prisoner's liberty and thus did not implicate liberty interest protectable under due process clause; prisoner has no liberty interest in remaining in the general prison population). Thus, as Plaintiff was not kept in segregation exceeding the remaining term of his incarceration and he was not kept in an extraordinarily restrictive environment, he has not stated a claim that his due process rights were violated.

As for Plaintiff's shower shoes, he also fails to state a due process claim. This is so because, as long as state remedies are available for the loss of property, neither intentional nor negligent deprivation of property gives rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 332–36 (1986); *Hudson v. Palmer*, 468 U.S. 517, 530–33 (1984). The State of Wisconsin provides a number of post-deprivation procedures for challenging the alleged wrongful taking of property. For example, Wis. Stat. § 810.01

provides a remedy for the retrieval of wrongfully taken or detained property, and Wis. Stat. Ch. 893 contains provisions concerning tort actions to recover damages for wrongfully taken or detained personal property and for the recovery of the property. Because Plaintiff has post-deprivation procedures available to him in state court, he cannot claim that the State deprived him of due process in the taking of his shower shoes.

Plaintiff's claim that his due process rights were violated when he was denied a haircut also fails. Plaintiff does not have a constitutional due process right to obtaining a haircut. Additionally, based on the inmate complaint report, Plaintiff was allowed to request haircuts and did so two days after he was denied one. Further, there was a procedural process for Plaintiff to complain about not receiving a haircut, which was properly executed, and Plaintiff failed to provide any evidence that he had previously requested a haircut and was wrongly denied one. Thus, for many reasons, this allegation fails to state a claim.

Therefore, the Court finds that Plaintiff has failed to state a claim that Defendants violated his procedural due process rights when he was placed in disciplinary segregation for two days longer than ordered, when he lost his shower shoes, or when he did not receive a haircut.

### 2.3.2 HIPAA and Eighth Amendment

Plaintiff seeks to proceed on claims that Koeller violated his HIPPA rights and Eighth Amendment rights when he was occasionally given his Ensure medical drink after the completion of medication distribution to other inmates. Both claims fail.

Plaintiff cannot proceed against Koeller for violating his HIPPA rights because HIPPA does not confer a private right of action or rights enforceable in a § 1983 action. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013,

1015 (7th Cir. 2019); *Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir. 2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).

The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain such a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show: (1) an objectively serious medical condition; (2) that defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Deliberate indifference equates to intentional or reckless conduct, not mere negligence. *Berry*, 604 F.3d at 440. "Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference." *Id.* at 441.

Plaintiff's allegations and exhibits filed in support show that his Eighth Amendment right to medical care was not violated by Koeller. Plaintiff was only occasionally made to wait until after medication was given to other inmates to receive his Ensure medical drink. Plaintiff has not alleged any injury resulting from the occasional delays in receiving his medical drink beyond being annoyed he had to wait. This is simply not enough to state a claim. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, they are only entitled to "adequate medical

care." *Boyce v. Moore,* 314 F.3d 884, 888–89 (7th Cir. 2002); *see also Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.") Even under the lenient standard applied at the screening stage, Plaintiff has failed to state a claim that Koeller violated his Eighth Amendment rights.

### 3. CONCLUSION

Based on the foregoing, Plaintiff has failed to state a viable claim for relief against Defendants, obliging the Court to dismiss this action. In light of that dismissal, Plaintiff's motion to appoint counsel, (Docket #2), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $349.52 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court

each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2020.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge